```
DONALD H. CRAM, III (State Bar No. 160004)
ADAM N. BARASCH (State Bar No. 158220)
BERNARD J. KORNBERG (State Bar No. 252006)
JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone: (415) 677-5548
Facsimile:  (415) 677-5664
Email: bjk@severson. com

Attorneys for Movant
GMAC
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>FINE WINE GROUP, INC.,<br>　　　　　Debtor(s),<br>GMAC,<br>　　　　　Movant,<br>　vs.<br>FINE WINE GROUP, INC., Debtor(s), Nonbankrupt Co-Debtor(s), ALEC. W. ROSER, TIMOTHY B. FITZPATRICK and DAVID BURCHARD, Chapter 12 Trustee,<br>　　　　　Respondents. | Case No.  10-10016-AJ-12<br>Chapter 12<br>RS No.:  DHC-2307<br>Date:　5/18/2010<br>Time:　9:00 AM<br>Judge:　Hon. Alan Jaroslovsky<br>Place:　99 South E Street<br>　　　　Dept. A<br>　　　　Santa Rosa, CA 95404 |

**GMAC'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**

GMAC (hereinafter "Movant") hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause on the grounds that Debtor has defaulted on the obligations secured by the Vehicle and Movant's interest in the Vehicle is not adequately protected.  Movant also seeks relief from the co-debtor stay pursuant to 11 U.S.C. §§1301(c)(2) and (3) on the grounds that Debtor's Plan fails to fully provide for payment Movant's claim and continuation of the co-debtor stay will irreparably harm Movant's interest.

//

17000/0000/806884.1
Fine Wine Group, Inc. 17000-2307　　Motion for Relief From Stay　　page 1

This motion is brought pursuant to Local Bankruptcy Rule 4001-1 of the Local Rules of Practice for the United States Bankruptcy Court, Northern District of California and is supported by the concurrently filed notice and declaration, as well as all other papers and pleadings on file in the Debtor's bankruptcy case, and such other evidence as may be filed prior to, or presented at, the hearing(s) in this matter.

**STATEMENT OF FACTS:**

The factual allegations herein are supported by the concurrently filed declaration of Brandi Shenkle.

On or about 9/12/2005, Debtor, non-bankrupt co-debtors Alec. W. Roser, Timothy B. Fitzpatrick, (hereinafter "Co-debtors") and Movant's predecessor in interest ("Dealer") entered into a Motor Vehicle Contract and Security Agreement ("Contract") for the purchase of a 2005 Chevrolet Tahoe, Vehicle Identification No. 1GNEK13Z35J204963 ("Vehicle"). The Dealer then assigned the Contract and Vehicle Title to Movant. A true and correct copy of the Contract is attached to the accompanying declaration as Exhibit A. Movant perfected its security interest in the Vehicle by recording its lien on the certificate of title to the Vehicle. A true and correct copy of the Certificate of Title evidencing Movant's lien in the Vehicle is attached to the accompanying declaration as Exhibit B.

Pursuant to the terms of the Contract, Debtor is obligated to pay Movant 60 monthly payments of $815.16 on or before the 12th day of each month. The Contract also provides that Debtor will pay Movant's collection costs, including any reasonable attorneys' fees and court costs.

On 1/5/2010, Debtor filed a petition for relief under Chapter 12.

Debtor and Co-debtors have defaulted under the Contract and Movant's records reflect that the Debtor and Co-debtor's account is currently due for the month(s) of 12/12/2009 forward with payment defaults totaling $4,075.80, accrued late charges totaling $366.75 plus attorneys fees and costs. The remaining sums owing under the Contract, including accrued and unpaid charges, total $10,227.83. Attached to the accompanying declaration as Exhibit C is a complete accounting of the Debtor and Co-Debtor's post-petition obligations that have accrued, the amount

and dates of all payments received post-petition, and the obligation(s) to which each of those post-petition payments was applied.

Debtor and Co-debtor's failure to maintain adequate and acceptable insurance coverage is a default under the terms of the Contract and Movant has been informed that the Debtor and Co-debtor's insurance coverage on the Vehicle has been terminated or canceled.

**ARGUMENT:**

**Movant Is Entitled To Relief From The Automatic Stay For Cause, Including Lack Of Adequate Protection.**

Movant is entitled to relief from stay for cause pursuant to 11 U.S.C. § 362(d)(1). Debtor is in default under the terms of the Contract, the Vehicle is a rapidly depreciating asset, and Movant is not receiving adequate protection for its collateral. Debtor and Co-debtors are delinquent in the monthly payments under the Contract. Debtor and Co-debtors have failed to maintain adequate and acceptable insurance coverage for the Vehicle. A debtor's failure to make required post-petition payments in a Chapter 13 is "cause" for granting relief from the automatic stay. *In re Ellis,* 60 B.R. 435 (9th Cir. BAP 1985) (see also *In re Elmore*, 94 B.R. 670 (Bankr. C.D. Cal 1988).

**Movant Is Entitled to Relief From The Co-Debtor Stay Because The Plan Fails To Fully Provide For Movant's Claim and Continuation Of Such Stay Will Cause Irreparable Harm.**

Movant is entitled to relief from the co-debtor stay pursuant to 11 U.S.C. §§1301(c)(2) and (3) because the Plan fails to fully provide for payment of Movant's total claim and continuation of the co-debtor stay would irreparably harm Movant's interest given that; the Debtor and Co-debtor are in default under the terms of the Contract and/or Plan, they remain in possession of the Vehicle, and the Vehicle is a rapidly depreciating asset.

**CONCLUSION:**

For the reasons set forth above, Movant respectfully requests that this Court:

A. Issue an order granting relief from the automatic stay authorizing Movant to repossess and/or dispose of the Vehicle in accordance with applicable non-bankruptcy law;

B. Issue an order granting relief from the co-debtor stay authorizing Movant, in

1  accordance with applicable non-bankruptcy law, to repossess and/or dispose of the Vehicle and to
2  pursue the Co-debtor for any deficiency remaining after disposition of the Vehicle;
3       C.   Waive the fourteen day waiting period under Bankruptcy Rule 4001(a)(3); and
4       D.   For such other and further relief as this Court deems necessary and proper.

DATED: April 28, 2010

SEVERSON & WERSON, P.C.

By:   /s/ Bernard J. Kornberg
Adam N. Barasch / Bernard J. Kornberg

Attorneys for GMAC