Evan Livingstone, SBN 252008
PO Box 6107
Santa Rosa, CA 95406
Tel: (707) 206-6570
Cell: (707) 326-7338
Fax: (707) 676-9112
Email: evanlivingstone@sbcglobal.net

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: ) Case No. 10-10016
)
    Fine Wine Group ) Chapter 12
)
    Debtor )
)

**CHAPTER 12 PLAN OF MAY 16, 2010**

1. The future earnings and projected disposable income of the debtor(s) are submitted to the supervision and control of the Court, and the debtor(s) shall pay to the Chapter 12 Trustee **sixty (60) payments of $1,600, commencing July 20, 2010 and ending June 20, 2015.**

2. From the payments so received, the trustee shall make disbursements as follows:

(a) Allowed claims of administration required by 11 U.S.C. § 507(a)(1).

**Total attorney's fees are $5,000. $3,000 has been paid, the remaining $2,000 will be paid through the plan.**

**Chapter 12 Trustee will be paid 10% of all payments made under the plan.**

(b) Payments to secured creditors whose claims are duly proven and allowed as follows:

**GMAC, Claim No. 2, $12,744.57 –** Debtor will pay the claim 100% with interest at "Till" rate through the plan. Debtor will retain possession of secured collateral a 2007 Chevrolet Equinox, Vehicle Identification No.: 2CNDL13FX76000227.

**GMAC, Claim No. 7, $7,878.94 –** Debtor will pay the claim 100% with interest at "Till" rate through the plan. Debtor will retain possession of secured collateral a 2006 Chevrolet Silverado, Vehicle Identification No.: 2GCEK19B161120199

The allowed claims of each of the creditors listed above shall be allowed as a secured claim in the amount of the value of the security and will be paid in installments as determined by the Chapter 12 Trustee until the allowed secured claim together with interest upon the unpaid balance at the rate stated above has been paid. Secured creditors shall retain their liens and priority until their allowed secured claims have been paid.

(c) Debts entitled to priority under and in the order prescribed by 11 U.S.C. § 507.

**Internal Revenue Service, Claim No. 1: $50,000 will be paid as a priority debt through the plan pro-rata. The rest of the claim is disallowed.**

**Franchise Tax Board, Claim No. 5, $6,833.69 will be paid as a priority debt through the plan.**

(d) From the disposable income after the above payments, dividends to unsecured creditors whose claims are fully proven and allowed as follows:

**Environmental Tech Services, Claim No. 8, $2120.25 – paid 100%.**

(If less than 100% of unsecured claims are to be paid, state that unsecured creditors will receive the greater of all of the debtor's disposable income during the term of the plan pursuant to 11 U.S.C. § 1225(b)(1)(B), or the liquidation value of the debtor's non-exempt assets pursuant to 11 U.S.C. § 1225(a) (4).)

3. The following executory contracts and leases of the debtor(s) are rejected, the debtor(s) shall surrender any collateral, and any allowed unsecured claim for damages resulting from such rejection shall be paid under paragraph 2.(d) above:

**None**

4. The secured property described below will be surrendered to the following named creditors, and any allowed unsecured claim resulting from such surrender shall be paid under paragraph 2.(d) above:

**GMAC, Claim No. 4, $9,922.76 – Debtor will surrender property a 2006 GMC Sierra Vehicle Identification No.: 1GTHK29246E121185. Co-debtor will retain vehicle and pay debt in full.**

**GMAC, Claim No. 6, 10,144.06 – Debtor will surrender property 2005 CHEVY Tahoe K1500, Vehicle Identification No.: 1GNEK13Z35J204963. Co-debtor will retain vehicle and pay debt in full**

5. The following creditors' claims are fully secured, shall be paid directly by the debtor(s) pursuant to the original contract terms, and shall receive no payments under paragraph 2. of this Plan:

**None**

6. The property described below is to be sold (state the offering price, and whether it will be offered through a broker; and if so, who; and state the date by which it will be sold and what will occur if it is not timely sold), all offers received by the debtor(s) shall be promptly communicated to the trustee and any lienholders, and no sale of such property shall be completed without notice to the trustee and any lienholders and an opportunity provided for a hearing on such sale:

**None**

7. Interest on all unsecured claims shall have ceased on the date this case was filed. All allowed unsecured claims of $25.00 or less may be paid in advance of other allowed unsecured claims.

8. Except as provided in this plan or in the order confirming this plan, upon confirmation of this plan all of the property of the estate shall vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan, pursuant to 11 U.S.C. § 1227.

9. In accordance with 11 U.S.C. § 1229, the Court may, from time to time, during the term of this plan, increase or reduce the amount of any of the installment payments provided for by this plan, or extend or shorten the time for any such payments, where it appears, after motion and hearing upon such notice as the Court may deem appropriate, that the debtor's change in circumstances so warrants or requires.

10. The following claims will be disallowed:

**Cameron & Cameron, Inc, Claim No. 3 – Debtor will object to this claim and not pay it.**

**Enterra Associates, Inc., Claim No. 9 – Debtor will object to this claim and not pay it.**

Date: May 16, 2010

/s/Mark Roser_____
Mark Roser
President Fine Wine Group

Date: May 16, 2010

*Evan Livingstone*
_____
Evan Livingstone
Attorney for Debtor(s)

10-10016 – Chapter 12 Plan – Page 4
Case: 10-10016   Doc# 14   Filed: 05/16/10   Entered: 05/16/10 22:37:50   Page 4 of 4